# PIERCE BAINBRIDGE BECK PRICE & HECHT LLP

**November 1, 2018**

**VIA ECF and Hand Delivery**
Hon. Paul A. Crotty, United States District Judge
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1350
New York, NY 10007

    ***Re*:**    *Robert C. Adler v. Payward, Inc. d/b/a Kraken*, 1:18-CV-08100-PAC

Dear Judge Crotty:

    I represent Defendant Payward, Inc. ("Payward") in the above-captioned matter. I write to request a pre-motion conference regarding Defendant's motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons set forth below.

I.   Plaintiff Fails to Allege that a Contract Existed or Was Breached

    Plaintiff Robert C. Adler, a former at-will employee of Payward, alleges that he and Payward had a binding "Employment Contract" under which he was entitled to a 3.5% commission or bonus and Payward breached that contract by not paying him a commission. Compl. ¶¶ 29, 63-64. This claim should be dismissed because "the parties contemplate[d] further negotiations and the execution of a formal instrument" and "a preliminary agreement does not create a binding contract." Miller v. Tawil, 165 F. Supp. 2d 487, 491 (S.D.N.Y. 2001). The letter plaintiff relies upon refers only to a past discussion about the 3.5% figure and specifically states:

> the Company expects to supplement this letter, after you become an employee and after further discussion with you, with additional terms to be mutually agreed to, concerning the bonus calculation and targets, . . .

Compl., Ex. A. These open, material terms governing payment and calculation of any such bonus compensation were explicitly reserved for future negotiation, agreement, and memorialization and therefore constitute an unenforceable agreement to agree. Miller, 165 F. Supp. 2d at 492 (letters offering and confirming employment but leaving open terms like bonuses and benefits do not constitute binding contracts); Total Telcom Grp. Corp. v. Kendal on Hudson, 68 N.Y.S.3d 491,

Page 1 of 4

PIERCE BAINBRIDGE BECK PRICE & HECHT LLP

493 (2d Dep't App. Div. 2018) (absence of terms regarding price or fees precluded formation of enforceable agreement).  Accordingly, plaintiff has failed to adequately allege a breach of contract.[1]  Miller, 165 F. Supp. 2d at 492; Telcom Grp. Corp., 68 N.Y.S.3d at 493; see also Giugliano v. FS2 Capital Partners, LLC, No. 14-CV-7240 ADS GRB, 2015 WL 5124796, at *11 (E.D.N.Y. Sept. 1, 2015) (dismissing breach of contract claim when plaintiff failed "to allege any supporting details . . . including what commissions he claims to have earned and when he earned them; which provision . . . governs the proper method of calculating his commissions; and how [defendant] allegedly failed to properly calculate his commissions, if they were calculated at all").

Plaintiff also alleges he is entitled to a referral bonus, Compl. ¶¶ 58-61, but he fails to allege the policy is part of his employment agreement (or a separate contract) and therefore fails to allege any breach.  See James v. Countrywide Fin. Corp., 849 F. Supp. 2d 296, 322 (E.D.N.Y. 2012) (dismissing claim for failure to plead existence of contract when the contract and terms were not identified).  Regardless, plaintiff was not eligible for this bonus.  The policy provides Payward team members with a portion of the referral bonus only after the referral's employment for 90 days, and plaintiff's employment ended before this time period.

II. Plaintiff Was Not Owed A Duty of Good Faith and Fair Dealing and the Claim Is Duplicative

Plaintiff's good faith and fair dealing claim must be dismissed.  At-will employees are not owed a duty of good faith and fair dealing.  Boritz v. Fin. Info. Servs. Agency, No. 94 CIV. 5059 (JSM), 1995 WL 464955, at *4 (S.D.N.Y. Aug. 4, 1995).  Furthermore, this claim is duplicative of his breach of contract claims against Payward.  See Campeggi v. Arche Inc., No. 15 CIV. 1097 (PGG), 2016 WL 4939539, at *7 (S.D.N.Y. Sept. 14, 2016).

---

[1] To the extent plaintiff alleges a breach of contract claim based on wrongful termination, Compl. ¶ 65, that claim must be dismissed because plaintiff was an at-will employee. See Marino v. Oakwood Care Ctr., 774 N.Y.S.2d 562, 563 (2d Dep't App. Div. 2004) ("[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party."); Gencarelli v. Cablevision Sys. Corp., 2012 WL 1031441, at *3 (E.D.N.Y. Mar. 27, 2012) (dismissing at-will employee's breach of contract claim).

20 West 23rd Street | New York, New York 10010 | piercebainbridge.com

# PIERCE BAINBRIDGE BECK PRICE & HECHT LLP

III. <u>New York Labor Law 191-C's Requirements Do Not Apply to Plaintiff or Defendant</u>

Plaintiff's claim under N.Y. Lab. Law § 191-c for commissions fails as a matter of law because the statute only covers payments of sales commissions between a "principal" and "sales representative" and neither party fits either statutory definition. <u>See</u> <u>DeLuca v. AccessIT Grp., Inc.</u>, 695 F. Supp. 2d 54, 61 (S.D.N.Y. 2010). Sales representatives are independent contractors, not employees. <u>Id.</u> (citing cases). Plaintiff received a salary and health benefits and was clearly an employee, Compl. Ex. A ("As an employee . . . ."), not an independent contractor, and therefore is not covered by this statute. <u>Deutschman v. First Mfg. Co.</u>, 775 N.Y.S.2d 855, 856 (2004). Similarly, a principal must "[m]anufacture[], produce[], import[], or distribute[] a product for wholesale," N.Y. Lab. Law § 191-a(c), and there is no allegation Payward does any of these required activities. <u>Szafran v. Sandata Techs., Inc.</u>, 452 F. App'x 41, 44 (2d Cir. 2011).

IV. <u>Plaintiff's Labor Law Claim Fails Just as his Breach of Contract Claim Fails</u>

Plaintiff claims he is entitled to commissions under N.Y. Lab. Law § 191(1)(c). Compl. ¶¶ 80-86. But this claim fails as a matter of law for the same reasons his breach of contract claim fails. Plaintiff's "[f]ailure to establish a contractual right to wages necessarily precludes a statutory claim under New York's labor law." <u>Apple Mortg. Corp. v. Barenblatt</u>, 162 F. Supp. 3d 270, 289 (S.D.N.Y. 2016); <u>Derven v. PH Consulting, Inc.</u>, 427 F. Supp. 2d 360, 369 (S.D.N.Y. 2006) ("191(1)(c) does not create an independent cause of action apart from breach of contract.").

V. <u>The Wage Theft Prevention Act Does Not Apply to Commissions</u>

Plaintiff's claim under the Wage Theft Prevention Act fails as a matter of law because the statute does not cover incentive-based commissions. <u>Kasoff v. KVL Audio Visual Servs., Inc.</u>, 930 N.Y.S.2d 5, 6 (1st Dep't App. Div. 2011).

For these reasons, Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), and we respectfully request a pre-motion conference with the Court.

20 West 23rd Street | New York, New York 10010 | piercebainbridge.com

PIERCE BAINBRIDGE BECK PRICE & HECHT LLP

                              Respectfully submitted,

                              */s/ Christopher N. LaVigne*

                              Christopher N. LaVigne
                              Adam C. Ludemann
                              Pierce Bainbridge Beck Price & Hecht LLP
                              20 West 23rd Street, Fifth Floor
                              New York, NY 10010
                              (212) 484-9866 x 105
                              clavigne@piercebainbridge.com
                              aludemann@piercebainbridge.com

                              *Attorneys for Payward, Inc. d/b/a Kraken*

cc: All counsel of record (via ECF)