UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

ROBERT C. ADLER,                                                  :
                                                                 :   Case No. 1:18-cv-08100 (PAC)
                                      Plaintiff,                  :
               -against-                                         :
                                                                 :
PAYWARD, INC. d/b/a/ KRAKEN,                                      :
                                                                 :
                                      Defendant.                  ::

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT PAYWARD, INC. D/B/A/
KRAKEN'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 12(B)(1)**

Christopher N. LaVigne
Adam Ludemann
Pierce Bainbridge Beck Price & Hecht LLP
20 West 23rd Street, Fifth Floor
New York, New York 10010
(213) 262-9333, ext. 105
clavigne@piercebainbridge.com
aludemann@piercebainbridge.com

*Attorneys for Defendant Payward, Inc. d/b/a Kraken*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND....................................................2

LEGAL STANDARD..................................................................................................4

ARGUMENT ...............................................................................................................6

    I.     PLAINTIFF FAILS TO ALLEGE THAT ANY CONTRACT EXISTED OR WAS
         BREACHED ......................................................................................................6

         A.     Plaintiff Was an At-Will Employee and Therefore Cannot State a
              Claim for Wrongful Termination....................................................6

         B.     Plaintiff Cannot State a Breach of Contract Claim Based on An
              Unenforceable Agreement to Agree on Material Terms Regarding
              Any Commissions or Bonuses .........................................................7

         C.     Plaintiff Fails Adequately Allege a Referral Bonus Policy Was Part
              of Any Binding Contract Between the Parties .................................9

         D.     Plaintiff Cannot Establish Entitlement to a Referral Bonus Even If
              Such An Agreement Existed Here ..................................................10

    II.    PLAINTIFF WAS NOT OWED A DUTY OF GOOD FAITH AND FAIR DEALING ...........11

         A.     Plaintiff's Good Faith and Fair Dealing Claim Is Duplicative of
              Plaintiff's Breach of Contract Claims...........................................11

    III.   NEW YORK LABOR LAW 191-C'S REQUIREMENTS DO NOT APPLY TO
         PLAINTIFF OR DEFENDANT......................................................................12

    IV.  PLAINTIFF'S ADDITIONAL LABOR LAW CLAIM FAILS TO ESTABLISH HIS
         ENTITLEMENT TO ANY COMMISSIONS .....................................................14

    V.    THE WAGE THEFT PREVENTION ACT DOES NOT APPLY TO COMMISSIONS ...........17

         A.     Plaintiff's WTPA Claim On Its Own Is Insufficient to Establish
              Subject Matter Jurisdiction .........................................................17

CONCLUSION...........................................................................................................18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

Abu Dhabi Com. Bank v. Morgan Stanley & Co.,
651 F. Supp. 2d 155 (S.D.N.Y. 2009)....................................................................10

Apple Mortg. Corp. v. Barenblatt,
162 F. Supp. 3d 270 (S.D.N.Y. 2016)....................................................................15

ARI & Co. v. Regent Int'l Corp.,
273 F. Supp. 2d 518 (S.D.N.Y. 2003)....................................................................12

Ashcroft v. Iqbal,
556 U.S. 662 (2009)........................................................................................4, 5, 14

Bell Atl. Corp. v. Twombly,
550 U.S. 544 (2007)................................................................................................4, 5

Boritz v. Fin. Info. Servs. Agency,
No. 94 CIV. 5059 (JSM), 1995 WL 464955 (S.D.N.Y. Aug. 4, 1995) ............................7, 11

Bravia Cap. Partners, Inc. v. Fike,
No. 09–cv–6375 (JFK), 2011 WL 6081345 (S.D.N.Y. Dec. 6, 2011) ....................................16

Campeggi v. Arche Inc.,
No. 15 CIV. 1097 (PGG), 2016 WL 4939539 (S.D.N.Y. Sept. 14, 2016) ..............................11

Copper v. Cavalry Staffing, LLC,
132 F.Supp.3d 460 (E.D.N.Y. 2015) .....................................................................17

Cty. of Orange v. Travelers Indem. Co.,
No. 13-CV-06790 NSR, 2014 WL 1998240 (S.D.N.Y. May 14, 2014)..........................11, 12

DeLuca v. AccessIT Grp., Inc.,
695 F. Supp. 2d 54 (S.D.N.Y. 2010)......................................................................13

Derven v. PH Consulting, Inc.,
427 F. Supp. 2d 360 (S.D.N.Y. 2006)......................................................15, 16, 17

Deutschman v. First Mfg. Co.,
775 N.Y.S.2d 855 (1st Dep't 2004) .....................................................................1, 14

DiFolco v. MSNBC Cable L.L.C.,
622 F.3d 104 (2d Cir. 2010)......................................................................................3

Frydman v. Experian Info. Sols., Inc.,
    No. 14CIV9013PACFMHBP, 2017 WL 4221086 (S.D.N.Y. Sept. 21, 2017)
    (Crotty, J.), aff'd, 743 F. App'x 486 (2d Cir. 2018) ...............................................................18

Gencarelli v. Cablevision Sys. Corp.,
    No. 10–cv–04092 (JFB)(ARL), 2012 WL 1031441 (E.D.N.Y. Mar. 27, 2012) .....................7

Giugliano v. FS2 Cap. Partners, LLC,
    No. 14-CV-7240 ADS GRB, 2015 WL 5124796 (E.D.N.Y. Sept. 1, 2015) .....................9, 10

Harris v. Provident Life & Accident Ins. Co.,
    310 F.3d 73 (2d Cir. 2002).....................................................................................................12

James v. Countrywide Fin. Corp.,
    849 F. Supp. 2d 296 (E.D.N.Y. 2012) ...................................................................................10

Kasoff v. KVL Audio Visual Servs., Inc.,
    930 N.Y.S.2d 5 (1st Dep't 2011) ...........................................................................................17

Kwon v. Santander Consumer U.S.A.,
    No. 15CV3352SJFAKT, 2016 WL 6518578 (E.D.N.Y. Oct. 6, 2016) ...................................11

Leach v. N.Y. City,
    No. 12 CIV. 3809(PAC)(JCF), 2013 WL 3984996 (S.D.N.Y. Aug. 2, 2013).........................5

Mangiafico v. Blumenthal,
    471 F.3d 391 (2d Cir. 2006)....................................................................................................3

Marino v. Oakwood Care Ctr.,
    774 N.Y.S.2d 562 (2d Dep't 2004).........................................................................................6

Miller v. Tawil,
    165 F. Supp. 2d 487 (S.D.N.Y. 2001).....................................................................................8

Monagle v. Scholastic, Inc.,
    No. 06 Civ. 14342 GEL, 2007 WL 766282 (S.D.N.Y. Mar. 9, 2007)....................................15

Nunez v. A-T Fin. Info. Inc.,
    957 F. Supp. 438 (S.D.N.Y. 1997) .........................................................................................11

Palmer Kane LLC v. Scholastic Corp.,
    No. 12 Civ. 3890(TPG), 2014 WL 1303135 (S.D.N.Y. Mar. 31, 2014) ................................12

Relf-Davis v. NYS Dep't of Educ.,
    No. 13 CIV 3717 PAC, 2015 WL 109822 (S.D.N.Y. Jan. 7, 2015)........................................5

Rodriguez v. N.Y. Downtown Hosp.,
    No. 14 CIV. 5958(PAC)(SN), 2015 WL 5244680 (S.D.N.Y. Sept. 8, 2015)...........................5

Rojas v. Splendor Landscape Designs Ltd.,
    268 F. Supp. 3d 405 (E.D.N.Y. 2017) ................................................................17

Root v. Swig Equities, LLC,
    27 Misc.3d 1222(A), 2010 WL 1945730 (Sup. Ct. N.Y. Cty. Feb. 10, 2010).........14

Spool v. World Child Int'l Adoption Agency,
    520 F.3d 178 (2d Cir. 2008)...............................................................................4

Starr v. Sony BMG Music Entm't,
    592 F.3d 314 (2d Cir. 2010)...............................................................................5

Szafran v. Sandata Techs., Inc.,
    452 F. App'x 41 (2d Cir. 2011) ........................................................................13

Total Telcom Grp. Corp. v. Kendal on Hudson,
    68 N.Y.S.3d 491 (2d Dep't 2018)....................................................................7, 8

Zaltz v. Wells Fargo Home Mortg.,
    No. 08 CIV. 11225 (BSJ), 2010 WL 3026536 (S.D.N.Y. Aug. 2, 2010), aff'd,
    529 F. App'x 95 (2d Cir. 2013) .......................................................................6, 7

**Statutes**

28 U.S.C. § 1332............................................................................................18

N.Y. Lab. Law § 190......................................................................................16

N.Y. Lab. Law § 191...........................................................................2, 15, 16, 17

N.Y. Lab. Law § 191-a....................................................................................13

N.Y. Lab. Law § 191-c ............................................................................... *passim*

N.Y. Lab. Law § 195......................................................................................17

N.Y. Lab. Law § 198...................................................................................15, 17

**Other Authorities**

Fed. R. Civ. P. 12(b) ................................................................................. *passim*

We respectfully submit this memorandum of law in support of Defendant Payward, Inc.'s motion to dismiss the Complaint in this matter (Dkt. No. 1) under Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Plaintiff Robert C. Adler, a former at-will employee of Defendant Payward, Inc. ("Payward"), alleges that he and Payward had a binding "Employment Contract" agreement under which Plaintiff would receive certain bonus compensation based on Payward's trading desk profit, and that Payward was obligated to pay Plaintiff additional bonus compensation based on an "Employee Referral Bonus" policy.  Plaintiff's Complaint ¶¶ 25–61 ("Compl.").

Plaintiff asserts five claims based on this narrative, alleging that Payward: (i) breached an alleged employment contract by wrongfully terminating him and failing to pay him a certain bonus, (ii) breached an alleged contract by failing to pay him an "Employee Referral Bonus" upon his referral of an employee that was ultimately hired by Payward, (iii) breached a duty of good faith and fair dealing by terminating him and failing to pay him the above-mentioned bonuses, (iv) that Payward violated New York State Labor Law § 191-c by failing to pay him a sales commission or bonus based on Payward's trading desk profit, and, generally, (v) violated some undisclosed New York State Labor Law and the New York State Wage Theft Prevention Act by terminating him and failing to pay him the above-mentioned trading desk bonus.  Each of these claims should be dismissed.

***First***, Plaintiff's contractual claims should be dismissed because (i) New York does not recognize a claim for wrongful termination in at-will employment, (ii) the parties never agreed to the material terms of any trading desk commission or bonus, and (iii) Plaintiff does not allege that the referral bonus was part of any (or a standalone) employment contract with Payward.

***Second***, Plaintiff's tort claim should be dismissed because (i) New York does not recognize a duty of good faith and fair dealing in at-will employment relationships, and (ii) the claim is duplicative of his flawed contract-based claims.

***Third***, Plaintiff's claim under N.Y. Lab. Law § 191-c for Payward's alleged failure to pay Plaintiff sales commissions fails as a matter of law because the statute only covers payments of sales commissions between a "principal" and "sales representative" and neither party fits either statutory definition.

***Fourth***, Plaintiff's claims for sales commissions pursuant to New York Labor Law § 191(1)(c)[1] also fail because (i) he has not pleaded and cannot adequately plead a contractual right to those commissions, and (ii) he does not meet the definition of a "commission salesman" entitled to relief under this statute.

***Finally***, Plaintiff cannot state a claim under the Wage Theft Prevention Act (the "WTPA") because it does not cover the incentive-based commissions Plaintiff seeks here. Further, because all of Plaintiff's other claims should be dismissed, this remaining WTPA claim should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) because the maximum damages permitted under the WTPA fall below the $75,000.00 minimum threshold for diversity jurisdiction in this Court.

For these reasons, as set forth below, each claim should be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

In Plaintiff's barebones Complaint, the relevant facts are straightforward. In late August 2017, Plaintiff received an initial offer from Payward for at-will employment in New York starting on September 15, 2017. Compl. ¶¶ 25, 29, 31; <u>id.</u> Ex. A. According to his offer letter, Plaintiff's

---

[1] For the reasons set forth in Section IV below, Payward assumes Plaintiff attempts to allege a claim under N.Y. Lab. Law § 191(1)(c). Plaintiff's fifth cause of action simply alleges Payward violated "New York Labor Law," but the particular relief sought by Plaintiff pursuant to this cause of action seems to indicate that Plaintiff is asserting a claim under § 191(1)(c).

compensation would include a base salary, stock options, health and other benefits, and a percentage equity bonus based on trading desk profitability. Compl. ¶ 29; id. Ex. A.  Plaintiff worked at Payward for approximately nine months before Payward terminated his employment. Id. ¶ 32.

Plaintiff now alleges, *inter alia*, that this initial offer letter from Payward was a binding "Employment Contract" under which Plaintiff was entitled to certain bonus compensation (to "3.5% of the Trading Desk Profit"), and that Payward was obligated to pay Plaintiff additional bonus compensation based on an "Employee Referral Bonus Policy."  Id. ¶¶ 25–61.

The provision of Plaintiff's offer letter referencing the 3.5% trading desk bonus states

the Company expects to supplement this letter after you become an employee and after further discussion with you, with additional terms to be mutually agreed to, concerning the bonus calculation and targets, and other terms applicable to this position and to the Trading Desk's business proposal.

Id., Ex. A.

The "Employee Referral Bonus Policy" was referenced in, but not attached to the Complaint.  It is attached as Exhibit 1 to this motion to dismiss.[2]  Attached as Exhibit 2 is Payward's subsequent communication to its employees about this referral bonus policy, called the "Kraken team member referral program."   Together these documents comprise Payward's employee referral bonus program.  The terms of this program are clear:

---

[2] "In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010).  And even when a complaint does not incorporate a document by reference, the Court may nonetheless consider such documents, when the complaint "relies heavily upon its terms and effect," because the document is "integral to the complaint." Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006) (internal quotations omitted).  Here, Payward's employee referral policy is set forth in the two attached documents, Exhibits 1 and 2, and that policy is clearly integral to the Complaint, which alleges "Payward had a written . . . 'Employee Referral Bonus Policy'" on which Plaintiff relied.  Compl. ¶¶ 58-61, 68-70 ("Breach of Contract – Employee Referral Bonus").  These Exhibits also provide critical details absent from the Complaint, that demonstrate why Plaintiff's claims should be dismissed. Therefore, the Court should consider these attached Exhibits.

> Kraken team member referral program participants (i.e., when you encourage a qualified, good culture-fit person in your life to work at Kraken) will receive 50% of the bonus paid at the new hire's 90 day mark and the remaining paid at his/her 180 day mark. This is an official change that has been in effect (as early as Aug/Sept 2017).  It [was announced] in an in-person company-wide retreat in Sept 2017 . . . so I'm letting everyone know here.

MTD Ex. 2.

While employed at Payward, Plaintiff referred Nelson Minier for a position, and Payward hired Minier.  Compl. ¶¶ 59-61. Minier began working for Payward on March 7, 2018.  Payward, however, terminated Plaintiff's employment on May 29, 2018.  Id. ¶ 40.

As set forth above, the Complaint asserts five claims based on these facts.  On November 1, 2018, Payward wrote to the Court requesting a pre-motion conference relating to a planned motion to dismiss the Complaint.  Dkt. No. 17.  Plaintiff did not respond.  The Court adjourned the December 5, 2018 pre-motion conference but permitted any party to move for dismissal.

## LEGAL STANDARD

To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is "facially plausible" when the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "[B]ald assertions and conclusions of law will not suffice.  The pleadings must create the possibility of a right to relief that is more than speculative."  Spool v. World Child Int'l Adoption Agency, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

Courts consider two factors when resolving motions to dismiss under Rule 12(b)(6).  First, courts must accept all well-pleaded factual allegations as true, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Iqbal, 556 U.S. at 678. Nor must the Court "accept as true a legal conclusion couched as a factual

allegation." Id. (quoting Twombly, 550 U.S. at 555).  Courts must dismiss a complaint that contains only "mere labels and conclusions or formulaic recitations of the elements of a cause of action."  Leach v. N.Y. City, No. 12 CIV. 3809(PAC)(JCF), 2013 WL 3984996, at *3 (S.D.N.Y. Aug. 2, 2013) (quoting cases); see Rodriguez v. N.Y. Downtown Hosp., No. 14 CIV. 5958(PAC)(SN), 2015 WL 5244680, at *3 (S.D.N.Y. Sept. 8, 2015).

Second, assuming the truth of well-pleaded factual allegations, courts must "determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.  This determination is context-specific, requiring the court to draw on its experience and common sense; there is no plausibility "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id.; Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the *reasonable* inference that the defendant is liable for the misconduct alleged." Relf-Davis v. NYS Dep't of Educ., No. 13 CIV. 3717 PAC, 2015 WL 109822, at *5 (S.D.N.Y. Jan. 7, 2015) (emphasis in original).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  Pleading facts that are "merely consistent with a defendant's liability" is also insufficient. Id.  Courts must dismiss a complaint if the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible . . . ." Rodriguez, 2015 WL 5244680, at *3.

In sum, a court resolving a motion to dismiss a complaint under Rule 12(b)(6) "must first ignore mere conclusory statements or legal conclusions, which are not entitled to the presumption of truth," "assum[e] the veracity of the remaining facts," and determine whether the complaint contains "sufficient factual matter to state a claim for relief that is plausible on its face." Relf-Davis, 2015 WL 109822, at *5 (quotations and alterations omitted).

## ARGUMENT

### I.   PLAINTIFF FAILS TO ALLEGE THAT ANY CONTRACT EXISTED OR WAS BREACHED

Plaintiff's breach of contract claims are unclear, but it appears Plaintiff alleges that Payward breached a contract with Plaintiff by terminating him without cause and refusing to pay bonus commissions to Plaintiff, including a percentage bonus commission based on trading desk profits and a referral bonus.  These claims should each be dismissed because: (1) New York does not recognize a claim for wrongful termination in at-will employment; (2) no trading desk commission or bonus was agreed to; and (3) Plaintiff fails to allege that the referral bonus was part of any employment (or a standalone) contract with Payward.

### A.   Plaintiff Was an At-Will Employee and Therefore Cannot State a Claim for Wrongful Termination

New York "has expressly refused to recognize a cause of action for wrongful termination in the at-will employment context." Zaltz v. Wells Fargo Home Mortg., No. 08 CIV. 11225 (BSJ), 2010 WL 3026536, at *5 (S.D.N.Y. Aug. 2, 2010), aff'd, 529 F. App'x 95 (2d Cir. 2013) (citing cases).

The Complaint appears to assert a claim for wrongful termination, Compl. ¶ 65 ("Payward terminated Plaintiff's employment without cause.").   However, Plaintiff's employment is presumed to be (and was) at-will.   "[A]bsent an agreement establishing a fixed duration, an employment relationship is presumed to be a hiring at will, terminable at any time by either party." Marino v. Oakwood Care Ctr., 774 N.Y.S.2d 562, 563 (2d Dep't 2004).  The Complaint merely establishes that Plaintiff was hired as an employee for an open-ended period of time starting on September 15, 2017.  The Complaint fails to allege (because it cannot) that Plaintiff's employment was for some pre-agreed, fixed duration, or that there was some limitation, express or otherwise,

on Payward's right to terminate Plaintiff's employment.  See Compl. Ex. A ("As an employee . . . your anticipated start date will be September 15th, 2017 . . . .").

To state a claim for breach of an at-will employment contract, Plaintiff "must point to an 'express agreement' by defendant to limit its unfettered right to terminate its employees."  Zaltz, 2010 WL 3026536, at *5.  Absent such express agreement, an employer may fire an at-will employee at any time.  Boritz v. Fin. Info. Servs. Agency, No. 94 CIV. 5059 (JSM), 1995 WL 464955, at *4 (S.D.N.Y. Aug. 4, 1995).  Therefore, Plaintiff's breach of contract claim for wrongful termination should be dismissed as a matter of law.  Gencarelli v. Cablevision Sys. Corp., No. 10–cv–04092 (JFB)(ARL), 2012 WL 1031441, at *1 (E.D.N.Y. Mar. 27, 2012) ("Plaintiff does not allege that the alleged employment agreement was for a fixed duration, or that there were any express limitations on Cablevision's ability to terminate at will. . . . Therefore, even accepting the allegations in the amended complaint as true, plaintiff cannot state a plausible claim for breach of contract as a matter of law.").

**B.**     **Plaintiff Cannot State a Breach of Contract Claim Based on An Unenforceable Agreement to Agree on Material Terms Regarding Any Commissions or Bonuses**

Plaintiff was not contractually entitled to any sales commission because no specific commission or bonus was ever agreed to by Plaintiff or Defendant.  An "agreement to agree, in which a material term is left for future negotiations, is unenforceable."  Total Telcom Grp. Corp. v. Kendal on Hudson, 68 N.Y.S.3d 491, 493 (2d Dep't 2018).  Plaintiff alleges that his offer letter constituted a binding "Employment Contract" that entitled him to a 3.5% commission or bonus and that Payward breached that contract by not paying him a commission.  Compl. ¶¶ 29, 63-64, Ex. A.  But his offer letter leaves open material terms governing payment and calculation of any bonus compensation, which were explicitly reserved for future negotiation.  The offer letter merely

references past and future discussions and provides that "bonus calculation and targets" will be further discussed "with additional terms to be mutually agreed."  Compl., Ex. A.  The offer letter specifically states:

> In addition to the foregoing and per our prior discussions (which included your entitlement to a bonus equity to 3.5% of the Trading Desk Profit), the Company expects to supplement this letter after you become an employee and after further discussion with you, with additional terms to be mutually agreed to, concerning the bonus calculation and targets, and other terms applicable to this position and to the Trading Desk's business proposal.

Id.  This letter makes clear the parties "contemplate[d] further negotiations and the execution of a formal instrument," Miller v. Tawil, 165 F. Supp. 2d 487, 491 (S.D.N.Y. 2001), and therefore this provision constituted "a preliminary agreement [that] does not create a binding contract." Id. These open, material terms governing payment and calculation of any bonus compensation were explicitly reserved for future negotiation, agreement, and memorialization and therefore constitute an unenforceable agreement to agree.  Id. at 492 (concluding that letters offering and confirming employment but leaving open terms like bonuses did not constitute a contract).  A "mere agreement to agree, in which a material term is left for future negotiations, is unenforceable" unless "a methodology for determining the material terms can be found within the four corners of the agreement or the agreement refers to an objective extrinsic event, condition, or standard by which the material terms may be determined."  Total Telcom, 747, 68 N.Y.S.3d at 493 (concluding contract lacked material term regarding the price or fees to be paid to plaintiff for Internet-related service and therefore constituted an unenforceable agreement to agree).

The Complaint itself illustrates the types of material terms that were left open and subject to future negotiation regarding the specific calculation of any bonuses available to Plaintiff.  The Complaint alleges Payward determined that "Trading Desk Profits for the first quarter of 2018 were $ 2,900,000" but "by Plaintiffs calculations" those profits were much greater.  Compl. ¶ 50.

The Complaint does not set forth any indication Plaintiff and Defendant agreed to the specific terms or methodology of calculating Plaintiff's alleged bonus – material terms were left open such as, but not limited to, how trading desk profits are calculated for bonus purposes, when specifically Plaintiff would be paid a bonus, whether it would be paid in tranches, whether that bonus was contingent on the Trading Desk achieving certain "targets," and what those targets were. Indeed, the Complaint confirms Plaintiff and Defendant were continuing to negotiate specific terms of his employment not delineated in his offer letter, but those terms were never agreed to. See Compl. ¶¶ 53, 55 ("Payward offered Plaintiff a superseding employment contract which was far longer and legally complex than the Employment Contract between them.").

Accordingly, Plaintiff has failed to allege that a contract existed as to any specific bonus existed, much less that one was breached. Giugliano v. FS2 Cap. Partners, LLC, No. 14-CV-7240 ADS GRB, 2015 WL 5124796, at *12 (E.D.N.Y. Sept. 1, 2015) ("[F]or a breach of contract claim to exist, the Plaintiff must identify the provisions of the contract that were breached."). This claim should therefore be dismissed. Id. at *11 (dismissing breach of contract claim when plaintiff failed "to allege any supporting details . . . including what commissions he claims to have earned and when he earned them; which provision . . . governs the proper method of calculating his commissions; and how [defendant] allegedly failed to properly calculate his commissions, if they were calculated at all").

### C.   Plaintiff Fails Adequately Allege a Referral Bonus Policy Was Part of Any Binding Contract Between the Parties

Plaintiff claims entitlement to a referral bonus, Compl. ¶¶ 58-61, but the Complaint fails to allege that such a policy is part of any binding employment agreement and so fails to allege any breach. Instead, Plaintiff simply asserts that Payward breached its Employee Referral Bonus Policy. Id. ¶ 69. Plaintiff never alleges "specific allegations as to the agreement between the

parties, the terms of that agreement, and what provisions of the agreement were breached as a result of the acts at issue". Abu Dhabi Com. Bank v. Morgan Stanley & Co., 651 F. Supp. 2d 155, 183 (S.D.N.Y. 2009). Plaintiff's claim therefore suffers from many of the same fatal flaws as Plaintiff's commission-based breach of contract claim and fails as a matter of law. See Giugliano, 2015 WL 5124796, at *12 ("[F]or a breach of contract claim to exist, the Plaintiff must identify the provisions of the contract that were breached."); James v. Countrywide Fin. Corp., 849 F. Supp. 2d 296, 322 (E.D.N.Y. 2012) (dismissing breach of contract claim where plaintiff did not identify the contract or specify the contractual terms that were breached); see also Giugliano, 2015 WL 5124796, at *12 ("[F]or a breach of contract claim to exist, the Plaintiff must identify the provisions of the contract that were breached."). Plaintiff's breach of contract claim relating to the bonus referral policy should therefore be dismissed. Abu Dhabi, 651 F. Supp. 2d at 184 (dismissing breach of contract claim containing no facts about contract formation, date, consideration, major contractual terms, or intent to create binding contract).

### D. Plaintiff Cannot Establish Entitlement to a Referral Bonus Even If Such An Agreement Existed Here

Regardless, Plaintiff was never eligible for this referral bonus. The policy in place at the time of the referral provided Payward team members with a portion of the referral bonus only after the referral's employment for 90 days. See MTD Ex. 1 at 14 (stating the referral program applies to "current team members"); Ex. 2 (stating that current team members "will receive 50% of the [referral] bonus paid at the new hire's 90 day mark and the remaining paid at his/her 180 day mark"). Here, Plaintiff referred Mr. Minier to Payward, Payward hired him, and Mr. Minier began working at Payward on March 7, 2018. Plaintiff's termination was May 31, 2018. Compl. ¶ 32. Because Plaintiff did not work for Payward at Mr. Minier's 90-day mark, he would not have been eligible for a portion of the referral bonus. Thus, even if the Court finds the conclusory allegations

in the Complaint plausibly establish a contract existed between the parties relating to the referral bonus program, Plaintiff was ineligible to receive it.  Plaintiff has not and simply cannot allege any facts that support an inference that Defendant somehow breached that contract.  Accordingly, this claim should be dismissed.  Kwon v. Santander Consumer U.S.A., No. 15CV3352SJFAKT, 2016 WL 6518578, at *6 (E.D.N.Y. Oct. 6, 2016) (dismissing breach of contract claim even where the existence of a contract was undisputed because plaintiff did not "allege any facts that support an inference that Defendant somehow breached that contract").

## II.   PLAINTIFF WAS NOT OWED A DUTY OF GOOD FAITH AND FAIR DEALING

Plaintiff's good faith and fair dealing claim must be dismissed because at-will employees are not owed a duty of good faith and fair dealing.  Boritz, 995 WL 464955, at *4. Plaintiff is an at-will employee.  See supra Section I.A. In New York, at-will employees are not owed such a duty, as repeatedly recognized by the Southern District.  Nunez v. A-T Fin. Info. Inc., 957 F. Supp. 438, 443 (S.D.N.Y. 1997) (collecting cases).  "The basis for this rule is that an obligation to abide by an implied covenant of good faith and fair dealing would be inconsistent with the employer's unfettered right to terminate an at-will employee."  Id. (citing cases).  Moreover, this greater power to terminate the contract obviates any lesser duty "not to obviate performance other than by discharging the employee."  Id.

### A.   Plaintiff's Good Faith and Fair Dealing Claim Is Duplicative of Plaintiff's Breach of Contract Claims

This claim also should be dismissed because it is duplicative of Plaintiff's breach of contract claims against Payward. See Campeggi v. Arche Inc., No. 15 CIV. 1097 (PGG), 2016 WL 4939539, at *7 (S.D.N.Y. Sept. 14, 2016).  "New York law does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based upon the same facts, is also pled."  Cty. of Orange v. Travelers Indem. Co., No. 13-

11

CV-06790 NSR, 2014 WL 1998240, at *2 (S.D.N.Y. May 14, 2014) (quoting Harris v. Provident Life & Accident Ins. Co., 310 F.3d 73, 81 (2d Cir. 2002)) (alterations omitted).  "Consequently, a claim that defendant has breached the duty of good faith can only survive a motion to dismiss if it is based on allegations that differ from those underlying an accompanying breach of contract claim."  Id. (quoting Palmer Kane LLC v. Scholastic Corp., No. 12 Civ. 3890(TPG), 2014 WL 1303135, at *6 (S.D.N.Y. Mar. 31, 2014)).  Here, Plaintiff's contract claims and his tort claim rest on the same alleged facts: that Payward breached its alleged employment contract with Plaintiff by firing him and not paying him bonuses he was allegedly entitled to.  Indeed, Plaintiff merely "repeats and restates" his breach of contract allegations and admits this claim is based on "Payward's aforestated material breaches of the Employment Contract."  Compl. ¶ 73.

Additionally, this claim "must also be dismissed where it seeks to recover damages that are intrinsically tied to the damages allegedly resulting from the breach of contract."  Id. (quoting ARI & Co. v. Regent Int'l Corp., 273 F. Supp. 2d 518, 523 (S.D.N.Y. 2003)) (alterations omitted).  The damages sought in Complaint are also identical for both Plaintiff's breach of contract and good faith and fair dealing claims.  Compare Compl. ¶¶ 67, 70 with ¶ 74 ("[N]ot less than $705,000 .00.").

Because the facts and damages set forth in the Complaint supporting this claim are the same as those underlying Plaintiff's breach of contract claims, Plaintiff's good faith and fair dealing claim should be dismissed.  Travelers, 2014 WL 1998240, at *2-3 (citing cases).

## III.   NEW YORK LABOR LAW 191-C'S REQUIREMENTS DO NOT APPLY TO PLAINTIFF OR DEFENDANT

Plaintiff's claim under N.Y. Lab. Law § 191-c for Payward's alleged failure to pay Plaintiff sales commissions, Compl. ¶¶ 72-79, fails as a matter of law because the statute only covers

payments of sales commissions between a "principal" and "sales representative" and neither party to this case fits either statutory definition.

According to the New York Labor Law, a "principal" is "a person or company engaged in the business of manufacturing, and who: (1) Manufactures, produces, imports, or distributes a product for wholesale; (2) Contracts with a sales representative to solicit orders for the product; and (3) Compensates the sales representative in whole or in part by commissions." N.Y. Lab. Law § 191-a(c). There is simply no allegation here that Payward is engaged in the business of manufacturing and does any of these required activities, and therefore §191-c does not apply to Payward. Szafran v. Sandata Techs., Inc., 452 F. App'x 41, 44 (2d Cir. 2011) (affirming dismissal of § 191-c claim when plaintiff described defendant "as a service provider and has pointed to no evidence" that the defendant "has ever engaged in manufacturing, importing, or distributing a product for wholesale"); DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 64 (S.D.N.Y. 2010) ("Nowhere in . . . the complaint does [plaintiff] state that [defendant] engages in the business of manufacturing, let alone the manufacture, production, importation, or distribution of products for wholesale. It is clear, therefore, that the pleadings do not articulate the necessary elements of the statute.") (citation omitted).

Furthermore, even if the Court were to find Payward is a "principal" for purposes of this statute, Plaintiff was not a "sales representative" and therefore cannot bring a Section 191-c claim. Sales representatives are independent contractors, not employees. DeLuca, 695 F. Supp. 2d at 62 (citing cases). Plaintiff was an employee. The Complaint reaffirms his employee status throughout. See, e.g., Compl., Ex. A. ("As an employee . . ." ); id. ¶ 13 ("At all times material to this action, Payward maintained offices where Plaintiff was employed by them . . . ."); id. ¶¶ 29-32 (describing plaintiff's employment). Indeed, Plaintiff received a salary and health benefits—

hallmarks of employee status under the statute.  Deutschman v. First Mfg. Co., 775 N.Y.S.2d 855,

856 (1st Dep't 2004) ("The parties entered into an agreement that set forth the terms of plaintiff's

employment, including his salary, 401(k) plan, employer-provided health insurance, paid vacation,

sick days and other benefits. No serious argument can be made that plaintiff, a salaried employee,

was an independent contractor.").

Therefore, because the Complaint contains no allegations that Payward is a principal under

the statute or that Plaintiff was a sales representative, the Court should dismiss Plaintiff's claim

under N.Y. Lab. Law § 191-c as a matter of law.  Root v. Swig Equities, LLC, 27 Misc.3d 1222(A),

2010 WL 1945730, at *7 (Sup. Ct. N.Y. Cty. Feb. 10, 2010) ("[Plaintiff] nowhere alleges that she

is an 'independent contractor' or that Swig Equities is a 'principal' to bring the claim within the

scope of section 191–c (3) of the Labor Law. Accordingly, [Plaintiff] fails to state a claim based

on a Labor Law § 191–c (3) violation and [Defendants'] motion to dismiss this cause of action is

therefore granted.").[3]

## IV.    PLAINTIFF'S ADDITIONAL LABOR LAW CLAIM FAILS TO ESTABLISH HIS ENTITLEMENT TO ANY COMMISSIONS

The nature of Plaintiff's final and fifth cause of action is unclear and fails basic pleading

requirements.  Plaintiff impermissibly appears to assert claim(s) under the entirety of the New

York Labor Law and the Wage Theft Prevention Act without any specificity.  For this reason

alone, it should be dismissed.  See Iqbal, 556 U.S. at 687 ("Rule 8 does not empower respondent

to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect

his complaint to survive a motion to dismiss.").

---

[3] Pursuant to N.Y. Lab. Law § 191-c(3), Payward intends to seek attorney's fees, cost, and disbursements should it prevail.

Plaintiff seeks "double damages" under this cause of action.  Compl. ¶ 85.  However, the term "double damages" only appears in Labor Law Section 191-c, which Plaintiff previously pleaded in its fourth cause of action.  Id. ¶¶ 75-79.  Therefore, to the extent Plaintiff brings the same claim in two separate sections based on the same facts, this claim fails for the reasons articulated above.  See supra Section III.

Plaintiff's remaining damages claim in this cause of action seeks commissions and liquidated damages equal to 100% of the value of those commissions "[p]ursuant to New York Labor Law."  Compl. ¶ 84.  This appears to reference damages available under N.Y. Lab. Law § 198(1-a), which provides for "liquidated damages equal to one hundred percent of the total amount of the wages found to be due unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law."  However, "§ 198 provides no substantive cause of action at all."  Monagle v. Scholastic, Inc., No. 06 Civ. 14342 GEL, 2007 WL 766282, at *2 (S.D.N.Y. Mar. 9, 2007).

The gist of Plaintiff's generic "Labor Law" claim here appears to be that he is entitled to commissions under N.Y. Lab. Law § 191(1)(c). Compl. ¶¶ 80-86.  For instance, Plaintiff alleges that Payward failed to pay him commissions totaling over $100,000 and did not furnish Plaintiff statements with his wages.  Compl. ¶¶ 81-82; see N.Y. Lab. Law § 191(1)(c) (requiring payment to commission salespersons and the furnishing of statements of earnings upon request).  If so, then this claim is duplicative of Plaintiff's breach of contract claims, and consequently fails as for the same reasons: Plaintiff cannot establish any contractual right to any bonus or commission he seeks. See supra Section I; Apple Mortg. Corp. v. Barenblatt, 162 F. Supp. 3d 270, 289 (S.D.N.Y. 2016) ("Failure to establish a contractual right to wages necessarily precludes a statutory claim under

New York's labor law.") (quotation omitted); <u>Derven</u>, 427 F. Supp. 2d at 369 n.6 ("191(1)(c) does not create an independent cause of action apart from breach of contract.").

Furthermore, "[i]t is a well-settled principle of New York law that an at-will employee will be entitled to post-discharge commissions [pursuant to § 191(1)(c)] only if the employment agreement expressly provides for such compensation." <u>Id.</u> (quoting <u>Bravia Cap. Partners, Inc. v. Fike</u>, No. 09–cv–6375 (JFK), 2011 WL 6081345, at *3 (S.D.N.Y. Dec. 6, 2011)). Here, Plaintiff has failed to sufficiently plead that he is entitled to any commission or bonus, <u>see</u> <u>supra</u> Section I, let alone that he was entitled to a commission after he was terminated. Thus, to the extent Plaintiff asserts he is owed a commission pursuant to N.Y. Lab. Law §191(1)(c), this claim should be dismissed as a matter of law.

If Plaintiff's claim is, in fact, brought under § 191(1)(c), this claim also must be dismissed because the Complaint fails to allege that Plaintiff is a "commission salesman," as defined by the statute. <u>Derven</u>, 427 F. Supp. 2d at 369. The statute defines a "commission salesman" as "any employee whose principal activity is the selling of any goods, wares, merchandise, services, real estate, securities, insurance or any article or thing and whose earnings are based in whole or in part on commissions. N.Y. Lab. Law § 190(6). The term 'commission salesman' does not include an employee whose principal activity is of a supervisory, managerial, executive or administrative nature." <u>Id.</u> Plaintiff does not allege that he sold any of the foregoing, and his allegations instead demonstrate that he falls under the statute's managerial exception. Compl. ¶¶ 42-44 (alleging that Plaintiff managed Payward's Trading Desk). The Complaint fails, therefore, to allege that 191(1)(c) applies.

Additionally, to the extent Plaintiff attempts to state a claim for Payward's failure to furnish wage statements under § 191(1)(c), this section requires a party to furnish wage statements only

"upon written request." N.Y. Lab. Law § 191(1)(c).  Plaintiff makes no allegation that he requested any wage statements, and any such claim under this provision should be dismissed.

Finally, to the extent Plaintiff seeks double damages or other penalties, such as punitive or liquidated damages, pursuant to § 191(1)(c), Compl. ¶¶ 84-85, that provision "does not provide for double damages or other penalties in the case of breach," Derven, 427 F. Supp. 2d at 369 n.6.

For each of these reasons, Plaintiff's claim under N.Y. Lab. Law §191(1)(c) (assuming that this is, in fact, the basis for this claim) should be dismissed for failure to state a claim.

## V.  THE WAGE THEFT PREVENTION ACT DOES NOT APPLY TO COMMISSIONS

In Plaintiff's Fifth cause of action, he also alleges Payward violated the Wage Theft Prevention Act, N.Y. Lab. Law § 195(3) ("WTPA"), because Payward did not provide him with a statement concerning details of his wages with every payment of wages.  Compl. ¶ 82.  Plaintiff's claim under the WTPA fails as a matter of law, however, because the statute does not cover the incentive-based commissions at issue.  Kasoff v. KVL Audio Visual Servs., Inc., 930 N.Y.S.2d 5, 6-7 (1st Dep't 2011) ("Plaintiff, however, is not entitled to summary judgment on his Labor Law § 195(3) claim. Plaintiff has offered evidence of unpaid commissions only and the term 'wages,' despite its broad definition . . . does not encompass commissions.") (citations omitted).

### A.  Plaintiff's WTPA Claim On Its Own Is Insufficient to Establish Subject Matter Jurisdiction

Because the Court should dismiss the preceding claims, Plaintiff's WTPA claim should be dismissed because this claim, standing alone, cannot meet the minimum amount in controversy for federal subject matter jurisdiction.  Damages for Plaintiff's WPTA claim are capped at $5,000. See N.Y. Lab. L. § 198(1)(d); Rojas v. Splendor Landscape Designs Ltd., 268 F. Supp. 3d 405, 412 (E.D.N.Y. 2017) ("An employer's failure to comply with § 195(3) results in a civil penalty of $250 for each violation up to $5,000 per employee.") (citing Copper v. Cavalry Staffing, LLC, 132

F.Supp.3d 460, 467 (E.D.N.Y. 2015)).  If the Court dismisses all other claims, Plaintiff's maximum remaining recovery falls to $5,000, far short of the $75,000 minimum required to invoke this Court's subject matter jurisdiction.  See 28 U.S.C. § 1332.

Accordingly, Plaintiff's WTPA claim should be dismissed also pursuant to Fed. R. Civ. P. 12(b)(1).  See Frydman v. Experian Info. Sols., Inc., No. 14CIV9013PACFMHBP, 2017 WL 4221086, at *2 (S.D.N.Y. Sept. 21, 2017) (Crotty, J.) ("A federal court must dismiss a claim if the court "lacks the statutory or constitutional power to adjudicate it."), aff'd, 743 F. App'x 486 (2d Cir. 2018).

## **CONCLUSION**

For the foregoing reasons, Payward requests that the Court grant its motion and dismiss Plaintiff's Complaint with prejudice, as any amendment to plead his claims with more particularity will fail as a matter of law.  Should the Court dismiss Plaintiff's claim based on to N.Y. Lab. Law § 191-c, Payward also requests its attorney's fees, cost, and disbursements as the prevailing party and requests the opportunity to submit the appropriate papers.

New York, New York
January 4, 2019

                                Respectfully submitted,


                    By:   _____

                                Christopher N. LaVigne
                                Adam Ludemann
                                Pierce Bainbridge Beck Price & Hecht LLP
                                20 West 23rd Street, Fifth Floor
                                New York, New York 10010
                                (213) 262-9333, ext. 105
                                clavigne@piercebainbridge.com
                                aludemann@piercebainbridge.com

                                *Attorneys for Defendant Payward, Inc. d/b/a Kraken*

**<u>CERTIFICATE OF SERVICE</u>**

I, Christopher N. LaVigne, hereby certify that on January 4, 2018, I caused a true and
correct copy of the foregoing to be filed via the Court's electronic filing system, which constitutes
service upon all counsel of record.

/s/ Christopher N. LaVigne
Christopher N. LaVigne