UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
ROBERT C. ADLER,     :
                                                         : Case No. 1:18-cv-08100 (PAC)
                  Plaintiff,     :
   -against-     :
                                    :
PAYWARD, INC. d/b/a/ KRAKEN,     :
                                     :
                  Defendant.     ::
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**REPLY IN FURTHER SUPPORT OF DEFENDANT PAYWARD, INC. D/B/A/
KRAKEN'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO
FEDERAL RULES OF CIVIL PROCEDURE 12(B)(6) AND 12(B)(1)**


Christopher N. LaVigne
Adam Ludemann
Pierce Bainbridge Beck Price & Hecht LLP
20 West 23rd Street, Fifth Floor
New York, New York 10010
(213) 262-9333, ext. 105
clavigne@piercebainbridge.com
aludemann@piercebainbridge.com

*Attorneys for Defendant Payward, Inc. d/b/a Kraken*

**TABLE OF CONTENTS**

ARGUMENT ............................................................................................................................. 1

    I.     PLAINTIFF FAILS TO PLEAD A BREACH OF CONTRACT CLAIM ................................. 1

           A.     Plaintiff Fails to State a Claim for Breach of Contract for any Trading Desk Bonus Because the Offer Letter Left Open Necessary and Material Terms Regarding this Bonus ......................................................................... 1

           B.     Plaintiff Has Failed to State a Claim for Breach of Contract Based on Payward's Referral Policy Bonus ............................................................... 3

           C.     Plaintiff Was Ineligible for a Referral Policy Bonus ................................. 4

    II.    PLAINTIFF'S GOOD FAITH AND FAIR DEALING CLAIM FAILS AS A MATTER OF LAW ................................................................................................................ 4

           A.     New York Courts Have Made Clear There is No Duty of Good Faith and Fair Dealing in the At-Will Employment Context ....................................... 4

           B.     Plaintiff's Good Faith and Fair Dealing Claim Remains Duplicative of Plaintiff's Breach of Contract Claims ........................................................ 5

    III.   THE COURT SHOULD DISMISS PLAINTIFF'S NEW YORK LABOR LAW CLAIMS ......... 6

           A.     Plaintiff is not Entitled to Relief Under Labor Law Section 198 ................ 7

           B.     Plaintiff is not Entitled to Relief Under Section Labor Law 191 ................ 7

           C.     Plaintiff's Fifth Cause of Action Still Fails to State a Violation of the WTPA ......................................................................................................... 9

    IV.   THE COURT SHOULD NOT PERMIT PLAINTIFF TO AMEND THE COMPLAINT BECAUSE ANY AMENDMENT WOULD BE FUTILE .................................................. 10

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

In re Adelphia Commc'ns Corp. Sec. & Derivative Litig.,
    No. 03-cv-1529, 2013 WL 6838899 (S.D.N.Y. Dec. 27, 2013) .......................................... 6, 9

Barker v. Time Warner Cable, Inc.,
    24 Misc. 3d 1213(A), 2009 WL 1957740 (Sup. Ct. Nassau Cty. July 1, 2009)
    aff'd, 923 N.Y.S.2d 118 (2d Dep't 2011) ................................................................................ 5

Brown v. Cara,
    420 F.3d 148 (2d Cir. 2005) ..................................................................................................... 2

Cereus Prod. Dev., Inc. v. Boom LLC,
    No. 14 CIV. 4292 PAC, 2015 WL 3540827 (S.D.N.Y. June 5, 2015) (Crotty,
    J.) ............................................................................................................................................ 11

Cont'l Fin. Co. v. Ledwith,
    No. 08-cv-7272, 2009 WL 1748875 (S.D.N.Y. June 22, 2009) (Crotty, J.) ............................. 2

Derven v. PH Consulting, Inc.,
    427 F. Supp. 2d 360. (S.D.N.Y. 2006) ..................................................................................... 9

Fleisher v. Phoenix Life Ins. Co.,
    858 F. Supp. 2d 290 (S.D.N.Y. 2012) ...................................................................................... 6

Frati v. Saltzstein,
    No. 10-cv-3255, 2011 WL 1002417 (S.D.N.Y. Mar. 14, 2011) ............................................... 4

Giuntoli v. Garvin Guybutler Corp.,
    726 F. Supp. 494 (S.D.N.Y. 1989) ......................................................................................... 10

Jericho 99 Partners, LLC v. Concord Mortg. Corp.,
    8 Misc. 3d 1018(A), 2005 WL 1743928 (Sup. Ct. Nassau Cty. July 14, 2005) ....................... 2

Kone v. Joy Constr. Corp.,
    No. 15-cv-1328-LTS, 2016 WL 866349 (S.D.N.Y. Mar. 3, 2016) ........................................... 8

Leach v. N.Y. City,
    No. 12-cv-3809, 2013 WL 3984996 (S.D.N.Y. Aug. 2, 2013) (Crotty, J.) .............................. 2

McBride v New York Prop. Ins. Underwriting Assn.,
    58 N.Y.S.3d 140 (2d Dep't 2017) ............................................................................................ 6

Metro Funding Corp. v. WestLB AG,
    No. 10-cv-1382, 2010 WL 1050315 (S.D.N.Y. Mar. 19, 2010) ............................................... 4

Miller v. Tawil,
    165 F. Supp. 2d 487 (S.D.N.Y. 2001) .................................................................................. 3, 4

Monotype Corp. PLC v. Int'l Typeface Corp.,
    43 F.3d 443 (9th Cir. 1994) ....................................................................................................... 5

Myers v. Hertz Corp.,
    624 F.3d 537 (2d Cir. 2010) ...................................................................................................... 8

Ryan v. Kellogg Partners Institutional Services,
    19 N.Y.3d 1 (2012) .................................................................................................................. 10

Shapiro v. AOE/Ricoh, Inc.,
    No. 96-cv-2058, 1997 WL 107641 (S.D.N.Y. Mar. 11, 1997) ................................................. 1

Tierney v. Capricorn Inv'rs, L.P.,
    592 N.Y.S.2d 700 (1st Dep't 1993) .......................................................................................... 8

Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y.,
    84 N.Y.S.3d 167 (2d Dep't 2018) ............................................................................................. 6

Vanlab Corp. v. Blossum Valley Foods Corp.,
    No. 04-cv-6183, 2005 WL 43772 (W.D.N.Y. Jan. 10, 2005) ................................................... 4

Wakefield v. N. Telecom, Inc.,
    769 F.2d 109 (2d Cir. 1985) ...................................................................................................... 5

**Statutes**

N.Y. Lab. L. § 190 ............................................................................................................................ 10

N.Y. Lab. L. § 191 ................................................................................................................. 7, 8, 9, 10

N.Y. Lab. L. § 198 .............................................................................................................................. 7

Payward, Inc. respectfully submits this Reply in further support of its motion to dismiss[1] the Complaint in this matter. Plaintiff's Opposition[2] and proposed Amended Complaint are as unclear as the underlying Complaint and generally mischaracterize or ignore Payward's arguments. The law, however, is clear: Plaintiff's claims should be dismissed.

# ARGUMENT

## I. PLAINTIFF FAILS TO PLEAD A BREACH OF CONTRACT CLAIM

In its Motion, Payward argued that Plaintiff's breach of contract claim failed because: (1) New York does not recognize a claim for wrongful termination in at-will employment;[3] (2) no trading desk commission or bonus was agreed to; and (3) Plaintiff fails to allege the referral bonus was part of any employment (or a standalone) contract with Payward. Plaintiff's response does not rebut, and the proposed Amended Complaint does not address, these fundamental pleading deficiencies.

### A. **Plaintiff Fails to State a Claim for Breach of Contract for any Trading Desk Bonus Because the Offer Letter Left Open Necessary and Material Terms Regarding this Bonus**

Plaintiff mischaracterizes Payward's breach of contract argument. Payward never argued that no employment contract existed. See Opp'n at 4-6. Payward argued there was no fully agreed-upon contract relating to either bonus calculation. See Mot. at 7-10. Regarding the trading desk bonus, Payward argued specifically that Plaintiff has not adequately pleaded a breach of contract claim because the offer letter left open material terms regarding any such bonus for further negotiation and agreement.

---

[1] See Doc. No. 21 (hereinafter "Motion" or "Mot. at __").
[2] See Doc. No. 22 (hereinafter "Opposition" or "Opp'n at __").
[3] Plaintiff now admits that no "wrongful termination cause of action is alleged in this case." Opp'n at 6. Based on this admission, the Court should strike the relevant allegation from the pleadings. Shapiro v. AOE/Ricoh, Inc., No. 96-cv-2058, 1997 WL 107641, at *2 (S.D.N.Y. Mar. 11, 1997) (striking references to withdrawn claim); see Compl. ¶ 65 ("Payward terminated Plaintiff's employment without cause."); Amend. Compl. ¶ 66 (same); see also Compl. ¶¶ 34-35 (alleging no negative feedback or performance review); Amend. Compl. ¶¶ 34-35 (same).

Plaintiff alternatively argues the term "supplement" in the offer letter and Payward's "ability to imagine" different methodologies for calculating Plaintiff's alleged bonus means there were no open material terms to be negotiated and agreed to. Opp'n 6, 9-10. These arguments are red herrings and are meritless. Plaintiff is right: "[t]here is no ambiguity here." Id. at 7, n.2. Plaintiff's offer letter is clear that material terms remained unresolved regarding any trading desk bonus calculation: "[T]he Company expects to supplement this letter . . . with additional terms to be mutually agreed to, concerning the bonus calculation and targets . . . ." Compl., Ex. A; Amend. Compl., Ex. A. It is clear that Payward never agreed to a blanket, no holds barred, 3.5% bonus. Instead, as the offer letter specifically states, the parties left open and would (after Plaintiff became an employee) further negotiate and agree upon major, material, terms regarding any trading desk bonus, *including how to calculate that bonus and what performance targets needed to be achieved before being eligible for the bonus*. Thus, the offer letter contains no more than an agreement to agree to material terms regarding the trading desk bonus and is unenforceable.[4] Brown v. Cara, 420 F.3d 148, 155 (2d Cir. 2005) ("It is well settled that an agreement to agree, in which material terms are left for future negotiations, is unenforceable unless a methodology for determining the material terms can be found within the four corners of the agreement or the agreement refers to an objective extrinsic event, condition, or standard by which the material terms may be determined.") (quotation omitted); Jericho 99 Partners, LLC v. Concord Mortg. Corp., 8 Misc. 3d 1018(A), 2005 WL 1743928, at *2 (Sup. Ct. Nassau Cty. July 14, 2005) ("[A] mere agreement to agree in which a material term is left for future negotiations is unenforceable.").

---

[4] As a fallback, Plaintiff recites paragraphs 63 through 67 of the Complaint, Opp'n at 10, but those paragraphs merely recite the elements of a breach of contract claim, which is insufficient to survive a motion to dismiss. See Leach v. N.Y. City, No. 12-cv-3809, 2013 WL 3984996, at *3 (S.D.N.Y. Aug. 2, 2013) (Courts must dismiss a complaint that contains "mere labels and conclusions or formulaic recitations of the elements of a cause of action.") (Crotty, J.) (quotations omitted and alteration in original); Cont'l Fin. Co. v. Ledwith, No. 08-cv-7272, 2009 WL 1748875, at *3 (S.D.N.Y. June 22, 2009) (dismissing bare-bones allegations) (Crotty, J.).

Plaintiff attempts to distinguish Miller v. Tawil, by arguing that case involved different facts, including that there were two employment letters, one of which was unsigned. Opp'n at 8-9 (citing 165 F. Supp. 2d 487, 491 (S.D.N.Y. 2001)). However, like here, the letter at issue left open material terms related to the employee's "compensation package (salary, benefits, etc.)." Id. at 490. Accordingly, the Miller court observed the "strong presumption against finding a binding obligation in agreements which include open terms, call for future approvals and expressly anticipate future preparation and execution of contract documents," and determined the letter constituted a non-binding agreement to agree, and dismissed the complaint. Id. at 490-95.

Furthermore, Plaintiff's argument that Payward can imagine a variety of ways to calculate a trading desk bonus proves Payward's point. The parties are left to imagine how the bonus was to be calculated and what targets needed to be achieved before Plaintiff became eligible for the bonus because those terms were specifically left open for negotiation and agreement. If Plaintiff believes those terms were actually agreed upon, which he never claims, Plaintiff is free to provide the Court with the parties' mutual written agreement "concerning the bonus calculation and targets." Absent this further mutual agreement, the offer letter merely contains an agreement to agree on several material terms regarding the potential trading desk bonus.

### B. Plaintiff Has Failed to State a Claim for Breach of Contract Based on Payward's Referral Policy Bonus

Plaintiff also mischaracterizes Payward's arguments concerning the referral bonus policy. Plaintiff claims Payward is arguing "that if a policy is not in a signed contract, it is unenforceable." Opp'n at 11. Payward did not make this argument. Payward argued the Complaint failed to state a claim that Payward breached the referral policy because it offered no specific allegations of the terms of the policy or how it was breached. Mot. 9-10. Plaintiff has sidestepped both arguments.

Instead, Plaintiff now argues the parties' course of dealings evidence an implied promise. Opp'n at 11. However, course of dealing allegations require an indication of the common

3

knowledge and understanding of the parties, Vanlab Corp. v. Blossum Valley Foods Corp., No. 04-cv-6183, 2005 WL 43772, at *3 (W.D.N.Y. Jan. 10, 2005), and cannot alter unambiguous contractual terms, Metro Funding Corp. v. WestLB AG, No. 10-cv-1382, 2010 WL 1050315, at *25 (S.D.N.Y. Mar. 19, 2010).  Here, Plaintiff alleges no course of dealing whatsoever.  The allegations do not set forth any common knowledge or understanding between the parties regarding any referral bonus.   The Complaint simply alleges that Plaintiff expects a referral bonus.

### C. Plaintiff Was Ineligible for a Referral Policy Bonus

Plaintiff ignores Payward's request that the Court take judicial notice of the documents comprising Payward's bonus referral policy,[5] and recasts it as a factual disagreement "not material for a motion to dismiss." Opp'n at 11.  Plaintiff cannot rely on this policy, fail to attach the policy to the Complaint or Amended Complaint, and then ignore the terms of the policy once Payward produced it.  The employee referral policy is integral to the Complaint, see Compl. ¶¶ 58-61, 68-70, and the Court should therefore consider the terms of that policy as set forth in Payward's Motion. Mot. at 3 n.2.  The facts of the policy clearly show that Plaintiff was ineligible to receive it because he was terminated before the bonus vested. Id. at 10-11.  Plaintiff has broadly claimed he is entitled to discovery on this claim but has not pointed to any potential evidence or theory that contradicts the terms of this policy.  Accordingly, this claim should be dismissed.

## II. PLAINTIFF'S GOOD FAITH AND FAIR DEALING CLAIM FAILS AS A MATTER OF LAW
### A. New York Courts Have Made Clear There is No Duty of Good Faith and Fair Dealing in the At-Will Employment Context

Plaintiff was owed no duty of good faith and fair dealing because he was an at-will employee. Mot. at 11.  Plaintiff contends that when a firing is used to void the payment of sales commissions to an at-will employee, the rule is different.  Opp'n at 12-13 (citing Wakefield v. N.

---

[5] The Miller court examined employment letters that were not attached to the Complaint.  165 F. Supp. 2d at 489 n.3.  Courts "may also consider a particular document, which is integral to the claims at issue, of which the plaintiff has notice." Frati v. Saltzstein, No. 10-cv-3255, 2011 WL 1002417, at *2 (S.D.N.Y. Mar. 14, 2011) (Crotty, J.).

4

Telecom, Inc., 769 F.2d 109, 111-12 (2d Cir. 1985)).  However, "[u]nder New York law, or any other jurisdiction, an implied covenant theory does not give a court permission to supply additional terms to a contract for which the parties have not bargained."  Monotype Corp. PLC v. Int'l Typeface Corp., 43 F.3d 443, 453 (9th Cir. 1994) (applying New York law and analyzing Wakefield). Here, essential terms regarding the trading desk bonus were not agreed to, see supra Section I.A., and Plaintiff cannot rely on this implied covenant theory to create those terms. Monotype, 43 F.3d at 453.  Furthermore, New York courts have rejected the Second Circuit's decision in Wakefield.  See id.; see also Barker v. Time Warner Cable, Inc., 24 Misc. 3d 1213(A), 2009 WL 1957740, at *7 (Sup. Ct. Nassau Cty. July 1, 2009) (noting the Court of Appeals and other New York courts have "rejected Wakefield, and any reliance on it would be unwarranted because Wakefield had cited no New York law in developing its exception to the strict at will employment rule") aff'd, 923 N.Y.S.2d 118 (2d Dep't 2011) (citation omitted).

### B. **Plaintiff's Good Faith and Fair Dealing Claim Remains Duplicative of Plaintiff's Breach of Contract Claims**

Additionally, Plaintiff's good faith and fair dealing claim should be dismissed because it is duplicative of his breach of contract claim. Mot. at 11-12 (citing cases).  Here, these two claims are based on identical facts.  Id.  The Complaint and Amended Complaint admit as much.  See Compl. ¶ 73; Amend. Compl. ¶ 74 (basing good faith and fair dealing claim on "Plaintiff's aforestated material breaches of the Employment Contract").

Plaintiff does not deny this claim relies on the same facts as his breach of contract claim.[6] Instead, he argues the damages stemming from his good faith and fair dealing claim are different than those available under his breach of contract claim.  Opp'n at 13-14.  However, the law is clear that "[c]laims of breach of the implied covenant . . . must be premised on a different *set of facts*

---

[6] The Court may dismiss for this reason alone.  See, e.g., In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03-cv-1529, 2013 WL 6838899, at *13 (S.D.N.Y. Dec. 27, 2013) (dismissing claim where plaintiff did not respond to arguments in motion to dismiss).

5

from those underlying a claim for breach of contract." Fleisher v. Phoenix Life Ins. Co., 858 F. Supp. 2d 290, 300 (S.D.N.Y. 2012) (emphasis added) (rejecting implied covenant claim when "the *conduct* alleged is exactly the same as the charge of the express breach of contract claim").[7] That damages for the two claims may be slightly different does not change this analysis.[8] Moreover, the damages sought in the Complaint and proposed Amended Complaint for Plaintiff's breach of contract and good faith and fair dealing claims are identical. Mot. at 12; compare Compl. ¶¶ 67, 70 with ¶ 74; compare Amend. Compl. ¶¶ 68, 71 with ¶ 75. Plaintiff argues the damages sought under its breach of contract claim are "uncertain," Opp'n at 14, but otherwise does not explain how damages for these claims are different. As Plaintiff notes, "where a plaintiff seeks the exact same damages" for these claims, they have "been found to be duplicative," Opp'n at 14, and should be dismissed.

### III. THE COURT SHOULD DISMISS PLAINTIFF'S NEW YORK LABOR LAW CLAIMS

The Complaint's Fourth and Fifth Causes of Actions left Payward guessing as to what Labor Law claims Plaintiff was asserting. The Complaint's Fourth Cause of Action originally asserted a claim under Labor Law § 191-c. Compl. ¶ 79. Plaintiff has now withdrawn that claim. Opp'n at 14-15. However, Plaintiff's Opposition and proposed Amended Complaint simply confirm what Payward guessed in its Motion: that Plaintiff's Labor Law claims are being asserted under Labor Law Section 191. Mot. at 15. For the reasons set forth below, those claims still fail

---

[7] This claim is also premature because the parties never agreed to material terms of the trading desk bonus. Fleisher, 858 F. Supp. 2d at 300 ("Parties cannot breach a contract's implied promise of good faith and fair dealing before the contract is entered into.").

[8] Plaintiff relies on two cases—Tiffany Tower Condominium, LLC v Insurance Co. of the Greater N.Y., 84 N.Y.S.3d 167, 170 (2d Dep't 2018) and McBride v New York Prop. Ins. Underwriting Assn., 58 N.Y.S.3d 140, 141 (2d Dep't 2017)—to support his proposition that breach of contract and implied covenant claims are not duplicative where damages for these claims may be different. Neither is applicable to this case. Tiffany concluded that insurers have a duty of good faith and fair dealing to investigate in good faith and pay covered claims, and that a breach of this implied covenant could result in recoverable consequential damages, which may exceed the limits of the insurance policy. 84 N.Y.S.3d at 170. That is far removed from the facts of this action. Second, McBride, another insurance case, affirmed that a breach of duty of good faith and fair dealing claim was not duplicative of a breach of contract claim where the contractual claim was based on damages possibly caused by a windstorm and the implied covenant claim was based on different facts—defendant's failure to properly inspect and appraise the damage to a home that it insured. 58 N.Y.S.3d at 141. The claims therefore rested upon distinct underlying facts and damages theories.

as a matter of law. Furthermore, the Opposition and proposed Amended Complaint only serve to illustrate the problem created by this type of vague, bare-bones pleading. The Opposition spends several pages arguing about its claims under the Wage Theft Prevention Act ("WTPA") in its Fifth Cause of Action, Opp'n at 15-18, but it only further confuses his WTPA claims with his claims under § 191. The proposed Amended Complaint does not remedy this confusion, and does not change that Plaintiff's § 191 and WTPA claims fail as a matter of law. It is still completely unclear what general violations of the Labor Law Plaintiff asserts in his Fifth Cause of Action in both complaints. For simplicity's sake, Payward assumes that Plaintiff's Fourth Cause of Action asserts claims under Labor Law § 191, which the proposed Amended Complaint and Opposition appear to confirm, and that the Fifth Cause of Action asserts a standalone WTPA claim.

### A. **Plaintiff is not Entitled to Relief Under Labor Law Section 198**

Payward explained that Section 198 does not provide a substantive cause of action. Mot. at 15. This remains true, yet Plaintiff's Fourth Cause of Action, in both the Complaint and proposed amendment, remains one for "Statutory Damages." To the extent Plaintiff still seeks to assert a claim directly under § 198, it should be dismissed. It appears now that Plaintiff's liquated damages claim under § 198 hinges on reference to "other violations" of the Labor Law alleged in the Complaint and highlighted in the Amended Complaint, Opp'n at 16, but those other violations are alleged violations of § 191, which, as explained in its Motion and below, fail as a matter of law.

### B. **Plaintiff is not Entitled to Relief Under Labor Law Section 191**

Plaintiff's claim under § 191(1)(c) and § 191(3)[9] fail because Plaintiff cannot show a contractual right to the trading desk bonus. Mot. at 15-16.[10] Plaintiff's response that there is an

---

[9] N.Y. Lab. Law § 191(3) states that "[i]f employment is terminated, the employer shall pay the wages not later than the regular pay day for the pay period during which the termination occurred, as established in accordance with the provisions of this section. If requested by the employee, such wages shall be paid by mail."
[10] Tierney v. Capricorn Inv'rs, L.P., 592 N.Y.S.2d 700, 703 (1st Dep't 1993) ("The plaintiff cannot assert a statutory claim for wages under the Labor Law if he has no enforceable contractual right to those wages.").

7

"Employment Contract" does not change this, and only reinforces that this claim is duplicative of his breach of contract claim. See supra Section I; Mot. at 6-11, 15-16. At-will employees are not entitled to post-discharge commissions unless the employment agreement expressly provided for that compensation. Mot. at 16. Plaintiff misconstrues this argument to mean "there is no allegation that Plaintiff has special rights to be paid after termination." Opp'n at 16. Plaintiff misses the point: Payward and Plaintiff never agreed on major, material, terms regarding any trading desk bonus and therefore can show no contractual right to this bonus whether under a breach of contract claim or § 191.

Additionally, Plaintiff's § 191 claims cannot be brought under Section 191 "where the gravamen of plaintiffs' complaint is that the sums paid were not equal to what plaintiffs claim they were entitled to receive, and the plaintiff has not otherwise pleaded that payments were untimely." Kone v. Joy Constr. Corp., No. 15-cv-1328-LTS, 2016 WL 866349, at *4 (S.D.N.Y. Mar. 3, 2016) (quoting cases); see Myers v. Hertz Corp., 624 F.3d 537, 545 (2d Cir. 2010) ("Labor Law § 191 by its terms only involves the timeliness of wage payments, and does not appear to afford to plaintiffs any substantive entitlement to a *particular* wage") (emphasis in original). Here, in both complaints, Plaintiff's claims under Section 191 are entirely focused on what amount he was supposed to be paid, not when any wage payments were to be made, and therefore this claim fails as a matter of law.

Plaintiff argues that he is entitled to discovery on the issue of whether he is a "commission salesman" under Section 191 of the New York Labor Law. Opp'n at 17. However, this completely ignores that Payward based its arguments on Plaintiff's allegations, which admit he falls under the statute's managerial exception. See Mot. at 16; Compl. ¶¶ 42-44; Amend. Compl. ¶¶ 42, 44 (alleging that Plaintiff managed Payward's Trading Desk).

8

Lastly, Plaintiff somehow misconstrues Payward's argument that Plaintiff cannot seek penalties under section 191(1)(c) because that provision "does not provide for double damages or other penalties in the case of breach," Mot. at 17, to mean that Payward believes "the Labor Law itself is an illegal liquidated damages penalty." Opp'n at 17.  Payward was merely arguing what the law clearly states and Plaintiff has failed to rebut: "N.Y. Labor L. § 191(1)(c) requires the timely payment of wages to commission salesmen, but does not provide for double damages or other penalties in the case of breach and does not create an independent cause of action apart from breach of contract."  Derven v. PH Consulting, Inc., 427 F. Supp. 2d 360, 369 n.6. (S.D.N.Y. 2006).

For all of these reasons, the Court should dismiss Plaintiff's inadequately pleaded Labor Law claims.[11]

### C. **Plaintiff's Fifth Cause of Action Still Fails to State a Violation of the WTPA**

Plaintiff's rebuttal to Payward's argument that the WTPA does not apply to commissions, Mot. at 17, is that Plaintiff is entitled to those commissions that he "earned" or that "vested." Opp'n at 16-17.  This ignores the whole point of Pawyard's motion to dismiss: that no trading desk bonus was earned or vested.  Plaintiff's reliance on Ryan v. Kellogg Partners Institutional Services, 19 N.Y.3d 1 (2012), for the proposition that vested bonuses are wages is misplaced.  Because the parties here left open material terms for further negotiation, and those terms were never agreed upon, Plaintiff's trading desk bonus was never "earned," Opp'n at 17, and never "vested," and therefore does not qualify as a wage under Section 190(1).  Plaintiff's cite to Giuntoli v. Garvin Guybutler Corp., reinforces this: "[§ 190(1)] clearly states that unearned, future payments cannot be considered 'wages' under the NYLL.  Therefore, insofar as plaintiff's sixth cause of action seeks

---

[11] Plaintiff also fails to respond to Payward's argument that any claim under § 191(1)(c) for Payward's alleged failure to furnish statements fails because Plaintiff makes no allegation that he requested any wage statements.  The Court may therefore dismiss this claim too.  In re Adelphia, 2013 WL 6838899, at *13.

damages for . . . unearned future salary and bonuses, it does not state a claim for a violation of NYLL." 726 F. Supp. 494, 509 (S.D.N.Y. 1989). Under Plaintiff's theory, by simply showing up on his first day he was entitled to a blanket 3.5% trading desk bonus. That is not what the offer letter says. Indeed, *when* he was to be paid the bonus, *how* to calculate that bonus, and *what* he needed to do in order to achieve that bonus were terms all left to further negotiation and memorialization.

### IV.   THE COURT SHOULD NOT PERMIT PLAINTIFF TO AMEND THE COMPLAINT BECAUSE ANY AMENDMENT WOULD BE FUTILE

Plaintiff cross motion to amend his Complaint should be denied as futile. In the proposed Amended Complaint Plaintiff "focus[es] on the Labor law claims," Opp'n at 1, but the proposed amendment merely confirms his assertion of claims for violations of Sections 191(1)(c) and 191(3), and the WTPA. The allegations supporting these claims are identical to those in Plaintiff's original Complaint. Payward, in its motion to dismiss and above, has set forth in detail the myriad reasons these claims fail as a matter of law. Plaintiff has provided no substantive explanation as to how its proposed Amended Complaint cures these pleading deficiencies. For these reasons, the Court should deny Plaintiff's cross-motion as futile. Cereus Prod. Dev., Inc. v. Boom LLC, No. 14 CIV. 4292 PAC, 2015 WL 3540827, at *9 (S.D.N.Y. June 5, 2015) (Crotty, J.).

### CONCLUSION

For the foregoing reasons and those set forth in its motion to dismiss, Payward requests that the Court grant its Motion, deny Plaintiff's Cross-Motion, and dismiss Plaintiff's Complaint with prejudice.

New York, New York
February 8, 2019

                        Respectfully submitted,

By: _____

Christopher N. LaVigne
Adam Ludemann
Pierce Bainbridge Beck Price & Hecht LLP
20 West 23rd Street, Fifth Floor
New York, New York 10010
(213) 262-9333, ext. 105
clavigne@piercebainbridge.com
aludemann@piercebainbridge.com

*Attorneys for Defendant Payward, Inc. d/b/a Kraken*

- 11 -

## CERTIFICATE OF SERVICE

I, Christopher N. LaVigne, hereby certify that on February 8, 2019, I caused a true and correct copy of the foregoing to be filed via the Court's electronic filing system, which constitutes service upon all counsel of record.

/s/ Christopher N. LaVigne
Christopher N. LaVigne